IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANYALL MYLES**                                                                                  **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 3:16CV758 HTW-LRA**

**BILLIE SOLLIE**                                                                               **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Danyall Myles filed the instant petition for writ of habeas corpus relief on September 28, 2016. Respondent has moved to dismiss the petition for lack of merit and mootness.[1] Upon review of the pleadings and applicable case law, the Court finds the petition should be dismissed.

Petitioner is a pre-trial detainee in the custody of the Lauderdale County Detention Facility in Meridian, Mississippi, who at the time of filing, was awaiting trial for (1) the sale of methamphetamine, (2) attempted murder, and (3) the conspiracy to sell methamphetamine, sale of methamphetamine, and possession of methamphetamine with intent to sell. His petition is therefore properly considered under 28 U.S.C. § 2241.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987).

---

[1] ECF Nos. 1, 7, 13.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

In the instant case, Petitioner's sole argument is that he is entitled to habeas relief because the attempted murder charge against him was dismissed during his preliminary

2

hearing. Respondent initially asserted that the petition should be dismissed for lack of merit because the state court's docket indicated that the grand jury returned an indictment on the attempted murder charge on July 28, 2015, after having previously failed to do so on February 23, 2015. Myles has now presented an "Order of Nolle Prosequi" from the Circuit Court of Lauderdale County showing that the attempted murder charge was dismissed for insufficient evidence on January 12, 2017. Because he only challenges his detention for the attempted murder charge in the instant petition, the Court finds that the state court's dismissal of same renders the petition moot. However, to the extent Petitioner seeks a dismissal of the remaining pending charges and release from custody, he seeks relief that is unavailable in federal habeas corpus. To the extent he asserts that his right to a speedy trial is being violated and he should be brought to trial, he must still overcome the hurdles of exhaustion. *Brown*, 530 F.2d at 1283.[2]

For these reasons, the undersigned recommends that his petition be dismissed for failure to state a claim upon which habeas relief may be granted, in the alternative, for failure to exhaust available state remedies. Any pending motions should be dismissed as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and

---
[2] ECF No. 12-1.

3

Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on May 26, 2017.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE